## FINLEY vs. ACOCK.

A note bearing "ten per cent. interest from date," is to be construed as bearing ten per cent. per annum interest from date.

ERROR to Polk Circuit Court.

HENDRICK, for Plaintiff.

The grounds relied on by the plaintiff to reverse the judgment, are

1. That there is a material variance between the note specified in the petition, and the note read in evidence. The note specified in the petition is described as one which draws interest at the rate of ten per cent. per annum, and the note read is for the payment of four hundred dollars with ten per cent. after date. The variance fatal, as the difference is descriptive of that which is material.

2. Because it was error for the circuit court to give interest upon interest.

McBRIDE, J , delivered the opinion of the court.

Finley was indebted to Acock in the sum of four hundred dollars, and executed to him his note due one day after date, "*with ten per cent. from date,*" dated 9th March, 1839, with Joseph L. Young, L. A. Williams and Joseph Able as his securities. At the same time, the better to secure the payment of said sum of money, he made to Acock a mortgage on the tract of land upon which he resided, and which is described by its numbers, and which describes the note as above set out. Acock filed his petition in the circuit court of Polk county, praying a foreclosure of the mortgage and a sale of the mortgaged premises to satisfy his debt. The petition states that he is the owner of a note against Finley and others, as security for the sum, &c., due, &c., bearing *ten per cent. interest per annum,* dated &c., and sets out the mortgage deed, which describes the note as "payable one day after date, for the sum of $400, *with ten per cent. from date,*" &c., dated, &c.

The defendant pleaded four several pleas; the first denies the mortgage deed; the second denies the note; the third denies that the plaintiff was the owner of the note; and the fourth denies that the defendant owed the debt. Issues were framed on these pleas, and the cause was submitted to the court. The court found the several issues for the plaintiff, and gave judgment; the defendant then moved the court for

Finley vs. Acock.

a new trial, which having been overruled, he excepted, and has brought the case here by writ of error.

Two points are made and relied on in this court to reverse the judgment of the circuit court:

1. There is a material variance between the note specified in the petition, and the note read in evidence. The note specified in the petition is described as one which draws interest at the rate of ten per cent. per annum, and the note read is for the payment of $400 with ten per cent. after date. The variance is fatal, as the difference is descriptive of that which is material.

2. Because it was error for the circuit court to give interest upon interest.

The variance complained of does not exist between the note read in evidence on the trial and the note described in the mortgage, for they are twin brothers, but between those two and the note described in the petition. The petition only assumes to set forth the note according to its legal effect, and not to give a literal copy. Is it so set out? The statute allows parties to contract for interest at the rate of ten per cent. per annum. Here they do contract for "ten per cent." Shall it be said to be in accordance with, or in violation of law? Is it not the duty of the courts to put that construction on the contracts of the parties which will bring them within the provisions of the statute, when it can be done without violence to the language used by them? But the universal practice in the country is to loan money at ten per cent—for how long? Clearly for one year, and then it becomes ten per cent. per annum.

There can be no doubt as to the intention of the parties, and as little doubt as to the legal effect of the note set out in the mortgage; they are the same. The reading of the note in evidence was no way important to the plaintiff's right of recovery, for the defendant's indebtedness in all of its terms was sufficiently contained in the mortgage to have enabled the court to enter judgment.

The other point we have not the means of investigating without discussing the evidence and going into a calculation of the interest. This it was the province of the court sitting as a jury to do. The counsel have made some calculation, and say the judgment is about what it ought to be.

The other Judges concurring herein, the judgment of the circuit court is affirmed.